FILED: June 25, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4249
(1:21−cr−00116−RDB−1)

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DESMOND BABLOO SINGH,

        Defendant - Appellant.

O R D E R

    Defendant Desmond Singh, who is currently in pretrial detention after being charged with two counts of Cyberstalking and two counts of Aggravated Identity Theft, appeals from the district court's denial of his Motion for Release Pending Trial. [J.A. 84–90, 180] A district court's order denying release on bail is reviewed for clear error. *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc). Based on our review of the record, we conclude that the district court clearly erred in denying Singh's motion. Thus, we reverse the judgment below and order that Singh be released from detention.

Generally, for pretrial detention to be authorized, "the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can

reasonably assure the safety of the community or any person." *United States v. Salerno*, 481 U.S. 739, 750 (1987); 18 U.S.C. § 3142(f). In determining whether any conditions would reasonably assure the safety of the community, the district court must evaluate and weigh four statutorily enumerated factors: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the [defendant]"; (3) "the history and characteristics of the [defendant]"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Importantly, any fact that the district court "uses to support [its ultimate] finding . . . [must] be supported by clear and convincing evidence." *Id.* § 3142(f).

Here, however, it appears that the district court's decision rested primarily on findings unsupported by such evidence. In particular, we are troubled by the district court's heavy reliance on speculation that Singh suffered from a mental illness. [J.A. 137, 144, 150, 155, 162, 166] Notably, Singh has *never* been assessed for or diagnosed with any such illness. Nor has the Government offered any evidence indicating Singh's mental health condition. Indeed, the district court admitted that Singh's mental health condition was "an absolute unknown." Joint Appendix 162. In the absence of any clear and convincing evidence of Singh's possible mental illness, we hold that the district court's reliance thereon was contrary to the dictate of § 3142(f) and thus improper. And based on our review of the record and consideration of the four § 3142(g) factors, we further conclude that the Government failed to meet its high burden of showing by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community in this case.

2

Because the Government's evidence was insufficient to overcome the statutory presumption in favor of pretrial release, we hold that the district court clearly erred in denying Singh's Motion for Release Pending Trial. *See United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) (emphasizing "Congress's clear intent that only a limited number of defendants be subject to pretrial detention"). Accordingly, we reverse the judgment below and remand with instructions to order Singh's release, subject to appropriate conditions to be prescribed by the district court.

    Entered at the direction of Judge Wynn and Judge Harris.  Judge Diaz dissents.

For the Court

/s/ Patricia S. Connor, Clerk

DIAZ, Circuit Judge, dissenting:

My colleagues have resolved to vacate the district court's pretrial detention order and direct that the defendant, Desmond Babloo Singh, be released pending trial. I cannot agree. Though my colleagues may take issue with how the district court applied the relevant factors to the case's facts, our limited role in appeals from pretrial detention orders prevents us from disturbing what was ultimately a reasonable decision by the district court.

Singh was arrested in New York City on suspicion of committing several crimes, including cyberstalking, identity theft, and murder for hire.[1] The government contends that Singh engaged in a months-long campaign to harass, bully, and physically injure two victims: a childhood friend of his older sister ("Victim 1"), and the friend's boyfriend ("Victim 2"). According to the government, Singh became romantically obsessed with Victim 1 and, after she rebuffed his online advances, channeled that obsession into a destructive rage.

Singh allegedly hacked into Victim 1's social media accounts to post racist and derogatory content, created thousands of fake social media accounts to torment and smear both victims, and arranged for someone else to call a SWAT team to Victim 1's parents' home. He also traveled to Baltimore, Maryland in the hopes of fighting Victim 2. The confrontation never materialized, however, because Singh apparently went to an address where Victim 2 no longer lived. During these escalating events, Victim 1 sought and obtained a temporary restraining order against Singh, although law enforcement never

---

[1] A grand jury ultimately indicted Singh on two counts of cyberstalking under 18 U.S.C. § 2261A(2) and two counts of aggravated identity theft under 18 U.S.C. § 1028A.

located Singh or served him with court documents, and Singh never appeared for his scheduled hearing. Victims 1 and 2 also warned Singh's parents about his behavior and asked them to intervene. When his parents didn't (or couldn't) stop Singh, Victims 1 and 2 called the police.

After Singh's arrest, he was arraigned in the Southern District of New York. A magistrate judge ordered Singh released pending trial, pursuant to certain conditions (such as home confinement with GPS monitoring, restrictions on internet use, and a posted bond). The government then filed in the District of Maryland an emergency motion for revocation of the magistrate's release order, which the district court granted. A few months later, the district court denied Singh's motion for pretrial release. Singh appeals from that ruling.

When deciding whether to grant pretrial release, a district court must consider four factors: (1) the nature of the charged offenses; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the defendant's dangerousness to the community. U.S.C. § 3142(g). To order a defendant detained before trial, a district court must find by "clear and convincing evidence" that "no release conditions will reasonably assure the safety of any other person and the community." *United States v. Salerno*, 481 U.S. 739, 741 (1987) (cleaned up).

Once the district court has made that determination, our review of its decision is highly deferential. Under the applicable clear error standard, *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989), we may reverse only if we're "left with the definite and firm conviction that" the district court made a "mistake." *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). I have no such firm conviction here.

2

Singh argues that the district court decided to detain him using a more lenient "preponderance of the evidence" standard, while improperly applying a presumption in favor of detention. It's true that, at times during the early portions of the detention hearing, the district court misstated the government's evidentiary burden. But the record demonstrates that, at the end of the hearing, after weighing all the facts and before announcing its ruling, the court recited and applied the correct evidentiary standard. It then applied that standard again in the written order that it issued after the hearing.

Similarly, the court stated at one point that Singh "failed to rebut the presumption as to danger" to his community, J.A. 165, when no such presumption applies here, *see* 18 U.S.C. § 3142(e). But that statement appears to be no more than a slip of the tongue: one that the government immediately corrected during the hearing, one that contradicts the court's multiple other on-the-record statements that it applied no presumption against Singh, and one that didn't make it into the court's subsequent written order. Accordingly, I'm satisfied that the court applied the correct law in deciding that no combination of conditions of release would reasonably assure Singh's victims' safety.

Singh also faults the district court for how it applied the § 3142(g) pretrial detention factors. He contends that no hard evidence supported the district court's decision and, relatedly, that the district court gave too much credence to the government's unsupported arguments that Singh suffered from mental illness. But I see no reversible error in the court's analysis.

Singh is incorrect that the district court lacked *any* evidence to order him detained, since at least some of the text messages and social media posts that underlie the charges

3

against Singh were, in fact, in the record before the court during the hearing. Moreover, the government was entitled to make, and the court was entitled to rely upon, evidentiary proffers at the detention hearing. *See United States v. Williams*, 753 F.2d 329, 331 n.7 (4th Cir. 1985); *see also Gerstein v. Pugh*, 420 U.S. 103, 120 (1975) (approving of a judge issuing a detention order based on "informal modes of proof" such as "hearsay and written testimony"). Singh never objected to the government proceeding by way of attorney proffer, perhaps because attorney proffers during detention hearings have long been common practice in the District of Maryland. *United States v. Hammond*, 44 F. Supp. 2d 743, 745 (D. Md. 1999).

There's no doubt that the district court concluded that the evidence weighed strongly against Singh, based on the combination of the government's proffer and the record at the hearing. But there's nothing wrong with that conclusion, given that the weight of the evidence is a factor that federal law requires district courts to consider. 18 U.S.C. § 3142(g)(2). While Singh is certainly entitled to the presumption of innocence in pretrial detention proceedings, 18 U.S.C. § 3142(j), the veritable mountain of inculpatory evidence that he faces weighs heavily in favor of pretrial detention.

The district court also focused at length on another factor that could reasonably justify detention: the danger that Singh would pose if released before trial. Singh argues that the court shouldn't have viewed him as dangerous because the crimes alleged against him were nonviolent. But Singh is charged with creating social media posts and direct messages that could be construed as threats of violence, and at least one of those messages included a promise by Singh to his victims that he would never stop his harassment

4

campaign. Moreover, as the magistrate judge in New York noted, Singh's actions easily *could have* caused physical harm. In one instance, Singh allegedly initiated a "SWATing" attack that could easily have ended violently, as others have. And in another, he traveled to Baltimore for the purpose of fighting and (presumably) physically harming Victim 2.

In my view, Singh's extraordinarily obsessive conduct supports the district court's reasonable conclusion that, if left to his own devices, Singh would continue his harassment campaign and thus remain a danger to his alleged victims. The district court also understandably questioned the ability of Singh's parents—with whom Singh claims that he would live during his period of pretrial release—to enforce the conditions that a court would have to impose to keep Singh's victims safe. After all, Singh's parents knew about his behavior as it was happening, and apparently made little to no effort to stop it.

As for Singh's argument regarding the district court's discussion of his mental state, it isn't clear to me that the court placed any significant weight on Singh's purported mental illness. The court stated that Singh's "mental health [was] of great concern," but it also acknowledged that "it is an absolute unknown in terms of how serious [of a] mental condition he has," J.A. 162, and stated that it was "flying blind" and "dealing in a vacuum" with respect to Singh's mental health, J.A. 144. But even if the district court placed any weight on Singh's mental state, and even if doing so was error, that error was harmless given the substantial evidence demonstrating Singh's potential dangerousness. *United States v. Meyers*, 95 F.3d 1475, 1488 (10th Cir. 1996) (citing *United States v. Montalvo–Murillo*, 495 U.S. 711, 722 (1990) for the proposition that harmless error review applies to § 3142 analysis).

5

\*   \*   \*

Had I been in the district court's shoes, weighing the facts in the first instance, it's possible I might have granted Singh's motion for pretrial release on conditions similar to those imposed by the magistrate judge. But my role, and the role of this court, is to defer to the district court's reasonable application of the § 3142(g) factors. Because I believe this court's decision breaches the boundaries of our limited role in this matter, I respectfully dissent.