IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. RDB-21-0116 |
| DESMOND BABLOO SINGH, | * |
| Defendant. | * |

\*\*\*\*\*\*\*

## PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately address issues related to sensitive information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and 49.1, 18 U.S.C. § 3771, Standing Order 2020-01 (In re: Discovery in Criminal Cases), and with the consent of the parties, IT IS HEREBY **ORDERED**:

I.   **CATEGORIES OF PROTECTED MATERIALS**

(1)   **Sealed Court Documents:** The United States may produce certain material to the defense that has been filed under seal with the court and continues to be maintained under seal. These sealed materials consist of search warrants and other legal process obtained during the course of the investigation. Upon producing any such sealed documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

(2)   **Evidence Relating to Ongoing Investigations:** The United States may produce information to the defense that may be related to ongoing investigations that should not be publicly

disclosed. Upon producing any such documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

(3) **Grand Jury Materials:** The United States may produce certain information to the defense, including transcripts of witness testimony that may be within the scope of the grand jury secrecy and disclosure provisions of Fed. R. Crim. P. 6(e), pursuant to the government's Jencks, *Giglio*, or *Brady* obligations. Upon producing any such documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

(4) **Production of Personal Identity Information by the United States That May Be Subject to the Privacy Act, 5 U.S.C. § 552a, 42 U.S.C. § 1306, or Other Privacy Protections:**

    a. For purposes of this Order, "Personal Identity Information" includes any "means of identification" as defined by 18 U.S.C. § 1028(d)(7), any information that would be required to be redacted in a public filing pursuant to Rule 49.1 of the Federal Rules of Criminal Procedure, and any information that would be protected under the Privacy Act, 5 U.S.C. § 552a or 42 U.S.C. § 1306.

    b. The United States may produce certain Personal Identity Information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to the defense, pursuant to the defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306. If the United States produces this information in unredacted form, the United States shall designate it as "protected" in the manner set forth in Section II, below.

      c. The defendant's own Personal Identity Information shall not be treated as protected information as to the defendant. However, in the case of multiple defendants, Personal Identity Information of one defendant shall be treated as protected information as to any other defendant.

(5) **Other Sensitive Victim Information**: To the extent not covered by one of the categories of Protected Materials listed immediately above—and to address any potential ambiguities arising therefrom—the United States may produce, pursuant to defense discovery requests, other sensitive information pertaining to the victims in this case including, but not limited to, images or photographs, video or audio recordings, other media files or the contents of electronic devices and accounts, that would disclose the identity of the victims or, if disclosed in public filings, likely would cause embarrassment, humiliation, or other harm to the victims. The United States may produce this information in redacted or unredacted form. Upon producing any such documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

II. **DESIGNATION AND USE OF PROTECTED INFORMATION AND MATERIALS**

    (1) **Designation of Material Subject to this Protective Order:** For purposes of this Order, "Protected Materials" means any documents or materials falling into one of the categories listed in Section I, above, and designated as such by the government. "Protected Information" is any information contained in Protected Materials. To designate "Protected Materials" as covered by this Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on digital storage media cover or label, by using the following designation: "PROTECTED INFORMATION—SUBJECT TO PROTECTIVE ORDER."

(2) **Use and Disclosure of Protected Materials and Protected Information:** The provisions and procedures set forth in paragraphs 2.b.i through 2.b.iv, and paragraph 3 of Standing Order 2020-01 apply to defense counsel's disclosure of Protected Materials to the defendant and others, and such procedures are hereby incorporated by reference.

(3) **Filing of Documents:** The defendant shall not file "Protected Information" or "Protected Materials" with, or submit them to, the Court, or reproduce their contents in any court filing, unless the document or filing is placed under seal or all information that would disclose Protected Information within the document or filing has been removed. The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to this Order.

(4) **Protected Information in Open Court:** The procedures for use of designated "Protected Materials" and "Protected Information" during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated "Protected Information" or "Protected Materials" in open court without prior consideration by the Court.

III. **FURTHER ORDERS**

(1) **Modification of Protective Order Permitted:** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery, or lack thereof, that it believes to be otherwise improper or due.

(2) **No Waiver**: The failure to designate any materials as provided in Section II, above, shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(3) **No Ruling on Discoverability or Admissibility**: This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or

admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

(4) **Addition of Defendants after Entry of Order**: This Protective Order will cover additional defendants in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Protective Order.

SO ORDERED this __29th__ day of __July__, 2021.

/s/
_____
The Hon. Richard D. Bennett
United States District Judge